# SOUTHERN DEPARTMENT.

## CENTRAL DIVISION.

JESSE W. HIATT v. JOHN G. HIATT.

**No. 166.**

ACTION FOR CONVERSION—*Record Examined*—*No Material Error.* No material error prejudicial to the substantial rights of the plaintiff in error is shown by the record to have been committed in this action.

Error from Cowley district court; M. G. TROUP, judge. Opinion filed May 13, 1897. Affirmed.

*McDermott & Johnson*, for plaintiff in error.
*Torrance & Torrance*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was brought in the district court of Cowley county by John G. Hiatt as plaintiff against Jesse W. Hiatt as defendant. The amended petition upon which the case was tried alleges that John G. Hiatt was the owner of a certain piece of land in Butler county, Kansas, and that Jesse W. Hiatt, as the agent of John G. Hiatt, exchanged the Butler county land for a certain piece of real estate in the town of Grand Summit, in Cowley county, Kansas, and that, with intent to cheat and defraud John G. Hiatt, Jesse W. Hiatt caused the Cowley county real estate to be conveyed to one Jane Hiatt, the wife of Jesse W. Hiatt, and that Jesse W. Hiatt refused to convey or cause to be conveyed or to permit his wife to convey said premises to John G. Hiatt, and

Hiatt v. Hiatt.

refused to join his wife in such conveyance, although often requested to do so, but that he has converted said property to his own use and to the use of his wife. The petition also alleges the value of said real estate to be $800 and prays for a judgment against Jesse W. Hiatt for that amount, with interest and costs of suit.

The answer of Jesse W. Hiatt is (1) a general denial; (2) it admits that John G. Hiatt held the title to the Butler county land; that defendant traded it for the Grand Summit real estate and had it conveyed to Jane Hiatt, his wife, and that in addition to the Butler county land he put in some property and money of his own; (3) it alleges that as the agent of John G. he traded some millinery goods worth about ten dollars, belonging to John G., for the equity in the Butler county land, which was mortgaged for all or about all it was worth, and that he proposed to John G. that he would take the unrecorded deed which had been left blank as to grantee, and if he could trade it off he would allow John G. something for his millinery goods which he put into the Butler county land, and that it was in pursuance of this proposition that he took the deed and used the land of John G. Hiatt; and, (4) it further alleges that the parties hereto had a settlement in which this claim was settled and adjusted.

The reply denied all the allegations of the answer inconsistent with the petition. Upon these issues the cause was tried by a jury.

During the trial of the case, John G. Hiatt testified that he was the owner of the Butler county land and that Jesse was to trade it for the Grand Summit property for him, and introduced evidence as to its value. Jesse W. Hiatt testified that he first traded same millinery goods belonging to John for the Butler county

land, subject to $300 mortgage and some unpaid interest and taxes ; and that he found the opportunity to trade for the Grand Summit real estate ; continuing, he testified :

"I went and .saw my brother and told him right then that I had a trade fixed up for some Summit property ; I said, if you will give me that deed to the Butler county property that we got, and I can make a trade, I will give you something for your equity in it, for your goods or for the equity in the land ; I said I will give you something to make it right with you ; he pulled out two deeds and handed them to me, neither one had been recorded ; that is all that was said."

He also introduced evidence as to the value of the millinery goods, the Butler county land, and the Grand Summit real estate, and testified to a settlement with John for the Butler county land.   These matters were submitted to the jury, together with full instructions. The jury returned a verdict for the plaintiff for $132.76, and judgment was rendered thereon.

The defendant brings the case here for review, alleging that the court erred, (1) in its instructions to the jury ; (2) in overruling the defendant's motion for a new trial ; (3) in rendering judgment on the verdict.

We have made a very careful examination of the record in this case, and are unable to discover any material error prejudicial to the substantial rights of the plaintiff in error.   The instructions were evidently hastily prepared, but we are of the opinion that they were much more prejudicial to the defendant in error than to the plaintiff in error.

Jesse W. Hiatt set up in his answer, and testified at the trial, that he used the Butler county land and agreed to pay John what was right for it, and claimed

that he had done so. John denied the settlement. The jury were instructed upon these matters as well as all others entering into the case, and if they found in favor of Jesse W. Hiatt's theory of the transaction they evidently found against him as to the settlement, and allowed John the value of his equity in the Butler county land. This issue was squarely raised by the answer and reply, and was a proper subject for instructions and for a finding by the jury.

We can see no good purpose to be served by following the contentions of the plaintiff in error and analyzing them in detail. No question of either practice or law is presented in such manner that a decision of it would be of service to the courts of the state or the members of the bar.

The judgment of the district court is affirmed.